UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:17-CR-51-GFVT-HAI-2 |
| v. | ) ) | RECOMMENDED DISPOSITION |
| RONALD BRANDON HUBBARD, | ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 29, 2018, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1]  D.E. 197.  The hearing followed a motion for a competency evaluation filed by Defendant's attorney on April 9, 2018.  D.E. 116.  The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal.  D.E. 125, 136.  The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b).  D.E. 136.

The Court ordered the examination to be performed at the Federal Medical Center in Devens, Massachusetts.  D.E. 236.  All parties had access to the Forensic Report ("the Report") issued by Dr. Chad Tillbrook, Ph.D.  D.E. 190.  In the Report, Dr. Tillbrook opined that Defendant is competent for trial purposes.  *Id*. at 18-19.  After receipt of the Report, the Court set a hearing (D.E. 189), and the parties appeared with counsel (D.E. 197).  During that hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings.  The

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. *Id.*

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Tillbrook. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Tillbrook directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 190. Dr. Tillbrook also made contact with the prosecutor and defense counsel. *Id*. at 2. The evaluator also secured and reviewed some legal documents and analyzed records of Defendant's outgoing phone calls made while he was at FMC Devens. *Id*. at 2.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably:

(1) The Report indicates Defendant had "a tumultuous childhood" that included physical abuse and neglect. D.E. 190 at 3. His mother and stepfather abused drugs, and Defendant was placed in an alternative school due to behavior problems. *Id*.

(2) As memorialized in his bond report, Defendant reported that he had been diagnosed with bipolar disorder and depression. *Id*. at 5. Clarifying earlier statements, he told the examiner he had never been psychologically hospitalized as an adult, but he had been given Ritalin and Adderall while an adolescent. *Id*.

(3) Defendant reported "a lengthy history of abusing alcohol and illicit substances." *Id*. He began drinking alcohol at age 11, using marijuana at age 13, and taking large quantities of "benzos" since childhood. *Id*. He had recently been using synthetic cannabinoids to defeat drug testing while on probation and had "a long history of abusing opioids." *Id*. at 6. He used so much methamphetamine from 2015 to 2017 that he felt "psychotic for three years." *Id*. He also used synthetic substances such as MDMA "a lot." *Id*.

(4) As memorialized in his bond report, Defendant received substance abuse treatment at Crossroads in 2016, but failed to complete the program. *Id*. He also had six months of court-ordered outpatient treatment at Cumberland Comprehensive Care, to which he later self-admitted for another six months. *Id*.

(5) During the examination period, Defendant was "oriented to person, place, time, and circumstances." *Id*. at 7. He was cooperative. No psychotic symptoms were observed, and he denied having any. He was "future-oriented and goal focused." *Id*. "His thought process was organized, logical, and goal-directed." *Id*. at 10. Although he felt "overwhelmed," Defendant attributed these feelings to his incarceration and the criminal charges. *Id*. at 7.

(6) Defendant got along well with staff and his peers at FMC Devens. *Id*. at 8. He was prescribed antidepressants (*id*.), but his compliance with taking them was poor (*id*. at 9).

(7) The WASI-II was administered to determine Defendant's IQ. *Id*. at 9. His score of 69 fell within the extremely low range. *Id*. But this score is "not a valid

4

representation of his intellectual abilities" because he was not making much effort during the test. *Id*.

(8) The MMPI-2 test was administered to assess any psychopathological syndromes. *Id*. But Defendant "responded in such an inconsistent and careless manner" that his profile was invalid. *Id*.

(9) Another personality test, the PAI, was administered. *Id*. at 10. But again, the findings were not valid because "Mr. Hubbard did not respond in a forthright manner." *Id*.

(10) Regarding Defendant's behavior during the administration of psychological tests, the examiner remarked that he was "exaggerating complaints and selectively bringing attention to his mental health problems" and "was not putting forth effort to perform his best." *Id*.

(11) Defendant also exhibited "contradictions in self-reported mood symptoms." *Id*. at 11. Although he reported feeling anxious, depressed, and hopeless, he "was observed smiling and acting jovial with his peers" and playfully described FMC Devens as "Club Fed" to family and friends during monitored telephone calls. *Id*.

(12) Defendant was determined not to be "currently experiencing symptoms of a psychotic, mood, or anxiety disorder that grossly impairs his functioning." *Id*. And his "self-reported history of psychiatric symptoms and psychiatric treatment is unreliable and exaggerated." *Id*. at 12. Instead, "[h]is documented treatment history as an adult identifies substance abuse as being his primary problem, along with antisocial personality disorder." *Id*.

(13) The examiner offered the primary diagnosis of Antisocial Personality Disorder and other diagnoses of Substance Use Disorder in a controlled environment and Attention-Deficit/Hyperactivity Disorder in remission, along with a provisional diagnosis of Posttraumatic Stress Disorder. *Id*. at 14.

(14) Defendant was proficient at explaining his understanding of the charges against him and the operation of the legal system. *Id*. at 14-15. He had good decision-making ability and was fully capable of consulting meaningfully with his attorney. *Id*. at 15-16.

(15) The Report concluded that Defendant "does not exhibit substantial deficits, due to a mental disease or mental defect, which would significantly compromise his understanding and appreciation (reasoning) during the trial process." *Id*. at 18. He also appeared capable of participating "rationally with his attorney in the preparation and implementation of his defense." *Id*. at 19.

Dr. Tillbrook accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 190 at 18-19. Dr. Tillbrook elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 14-16. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Hon. Willis Coffey, who had initially requested the competency evaluation. *See* D.E. 116. Mr. Coffey had no evidence to contradict the Report's conclusions. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court

throughout the proceedings, and understood their nature. He spoke freely to the Court about the evaluation and agreed with it, stating, "I'm not incompetent."

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within 14 days of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that 14-day period, this matter will be referred to Judge Van Tatenhove for his consideration.

This the 30th day of August, 2018.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge